1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9

10    RICHARD ROBINSON,

                    Plaintiff,
11

12          v.

13    RYAN BYLSMA and LISA
      OLIVER-ESTES,
14
                    Defendants.
15

CASE NO. 3:18-cv-05441-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: November 9, 2018

16          Plaintiff Richard Robinson filed this civil rights action pursuant to 42 U.S.C. § 1983. This

17    civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28

18    U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

19          Plaintiff argues that his Eighth Amendment rights were violated when defendant Ryan

20    Bylsma conducted a pat search on plaintiff when plaintiff was using the toilet and didn't allow

21    plaintiff to pull up his pants. He also argues that defendant Lisa Oliver-Estes violated his rights

22    because she knew defendant Bylsma had several complaints against him pursuant to the Prison

23    Rape Elimination Act ("PREA"), but refused to suspend or otherwise remove defendant Bylsma

24    from plaintiff's unit. However, plaintiff has failed to show that defendant Bylsma's search, even

considering plaintiff was not allowed to pull up his pants, generated the extreme psychological

pain necessary to state a claim under the Eighth Amendment. Further, he has not shown that

defendant Bylsma's verbal harassment, even if true, constitutes a violation of the clearly

established statutory or constitutional law, and he has failed to show that defendant Oliver-Estes

personally participated in the alleged constitutional violation. Therefore, the Court recommends

that defendants' motion to dismiss (Dkt. 15) be granted and that plaintiff's action be dismissed

with prejudice.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff filed his complaint in June of 2018. Dkt. 1. He alleges that his Eighth

Amendment protections against cruel and unusual punishment were violated when defendant

Bylsma allegedly engaged in an inappropriate search. Dkt. 5. He alleges that he was on the toilet

when defendant Bylsma threw open the stall door and ordered plaintiff to stand for a pat down

search. *Id*. He gave verbal commands "with force" and "snapped" at plaintiff during the search.

*Id*. After patting down plaintiff's upper body and searching plaintiff's pants, defendant Bylsma

"dismissed" plaintiff and left the area. *Id*. Plaintiff does not allege that defendant Bylsma touched

him in a sexual manner or made any sexual comments. *Id*. He also alleges that defendant Oliver-

Estes, the head of the Larch Corrections Center, knew of several complaints made against

defendant Bylsma pursuant to the PREA, but failed to suspend defendant Bylsma. *Id*. Plaintiff

also appears to raise a private cause of action directly under the PREA.

Defendants have filed a motion to dismiss, arguing that plaintiff has not alleged objective

harm so as to raise his allegations to the level of an Eighth Amendment violation. Dkt. 15. They

also argue that plaintiff has failed to allege personal participation as to defendant Oliver-Estes,

and argue that there is no private cause of action pursuant to the PREA. *Id*. Finally, defendants

REPORT AND RECOMMENDATION - 2

1   also claim that they are entitled to qualified immunity because their conduct, even as alleged,

2   does not violate clearly established statutory or constitutional rights. *Id.* at 8.  Plaintiff filed

3   opposition to defendants' motion to dismiss, Dkt. 19, and defendants have filed a reply, Dkt. 21.

**STANDARD OF REVIEW**

5       A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be

6   granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right

7   to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

8   "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

9   alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699

10  (9th Cir. 1990).

11      While the Court must accept all the allegations contained in the Complaint as true, the

12  Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a

13  plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than

14  allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g*

15  *denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en

16  banc) (petitioner should be afforded the "benefit of any doubt").

**DISCUSSION**

18      In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove that: (l) the

19  conduct complained of was committed by a person acting under color of state law and that (2)

20  the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or

21  laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*

22  *grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

# I.    Qualified Immunity and Eighth Amendment Cruel and Unusual Punishment

Defendants argue that they are entitled to qualified immunity for plaintiff's alleged Eighth Amendment violations. A defendant is entitled to qualified immunity if his or her conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Plaintiff bears the burden of proving that the right allegedly violated was clearly established at the time of the violation; if the plaintiff meets this burden, then the defendant bears the burden of establishing that the defendant reasonably believed the alleged conduct was lawful. *See Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002); *Trevino v. Gates*, 99 F.3d 911, 916-17 (9th Cir. 1996); *Browning v. Vernon*, 44 F.3d 818, 822 (9th Cir. 1995); *Neely v. Feinstein*, 50 F.3d 1502, 1509 (9th Cir. 1995), *overruled in part on other grounds by L.W. v. Grubbs*, 92 F.3d 894 (9th Cir. 1996).

A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1065 (9th Cir. 2006) (quoting *Hope v. Pelzer,* 536 U.S. 730, 739 (2002)). It is not necessary that there be a prior case with identical facts showing that a right is clearly established. It is enough that there is preexisting law that provides a defendant "fair warning" that his conduct was unlawful. *Kennedy,* 439 F.3d at 1065. "[T]he right allegedly violated must be established, 'not as a broad general proposition,' but in a 'particularized' sense so that the 'contours' of the right are clear to a reasonable official." *Reichle v. Howards,* 566 U.S. 658, 665 (2012) (internal citation omitted). In 2015, the Supreme Court reiterated that courts should not define clearly established rights "at a high level of generality." *Mullenix v. Luna,* 136 S.Ct. 305, 308 (2015). "The dispositive question is 'whether the violative nature of

1    *particular* conduct is clearly established.'" *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742

2    (2011)) (emphasis in original).

3          Here, plaintiff argues that his rights under the Eighth Amendment rights were violated by

4    defendant Bylsma's conduct. "After incarceration, only the unnecessary and wanton infliction of

5    pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jordan v.*

6    *Gardner,* 986 F.2d 1521, 1525 (9th Cir.1993) (en banc) (quoting *Whitley v. Albers,* 475 U.S. 312,

7    319 (1986)) (internal quotation marks and indications of alteration omitted). The prisoner "must

8    objectively show that he was deprived of something 'sufficiently serious.'" *Foster v. Runnels,*

9    554 F.3d 807, 812 (9th Cir.2009) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

10         However, not "every malevolent touch by a prison guard gives rise to a federal cause of

11   action." *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012) (quoting *Hudson v. McMillian,*

12   503 U.S. 1, 9 (1992)). The Supreme Court has provided prison officials with "wide-ranging

13   deference in the adoption and execution of policies and practices," a level of deference that can

14   only be overcome with "substantial evidence in the record" to indicate the official's actions were

15   exaggerated relative to the situation. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *see also Willis*

16   *v. Vasquez*, 648 Fed. App'x 720, 723-24 (9th Cir. 2016) (noting prison officials should be

17   provided wide-ranging deference in administering prison policy) (quoting *Bell*, 441 U.S. at 546-

18   47). This is because control of prisoners and the safety of the institution are "considerations . . .

19   peculiarly within the province and professional expertise of corrections officials . . . ." *Bell*, 441

20   U.S. at 547-548.

21         Therefore, to state a claim under the Eighth Amendment, plaintiff has the burden to show

22   that: (1) an official acted with improper subjective intent; and (2) the alleged wrongdoing was

23   objectively harmful so as to establish a constitutional violation. *See Somers v. Thurman*, 109

24

1    F.3d 614, 622 (9th Cir. 1997). However, because of the deference provided to prison officials,

2    the cases decided in this area allow for offensive, even aggressive behavior, that has not been

3    considered objectively, "sufficiently serious" so as to constitute an Eighth Amendment violation.

4        In *Somers v. Thurman*, for instance, the Ninth Circuit reversed the District Court's

5    decision denying defendants' motion to dismiss an Eighth Amendment claim.  The court ruled

6    that the motion should have been granted on qualified immunity grounds. *Somers*, 109 F.3d at

7    624. That court found that there was no clearly established Eighth Amendment violation when

8    female officers were allowed to conduct visual cavity searches on male prisoners, were allowed

9    to observe male prisoners showering, and pointed, joked, and "gawked" at one prisoner while he

10   was in the shower. *Somers*, 109 F.3d at 616. The Ninth Circuit in that case found that the

11   prisoner had failed to show either that he was subjected to an objectively serious harm or that

12   prison officials acted with improper subjective intent. *Id*. at 622-23. First, that Court found that

13   plaintiff had completely failed to allege any subjective intent, and so had failed to properly allege

14   any officials acted with a "'sufficiently culpable state of mind.'" *Id*. at 622 (quoting *Wilson v.*

15   *Seiter*, 501 U.S. 294, 298 (1991)). The Ninth Circuit further concluded that plaintiff had not

16   shown objective harm because "[t]he facts in which [other] courts have found Eighth

17   Amendment violations are more severe." *Id*. at 623.

18       In *Somers*, the Ninth Circuit specifically noted that *Jordan v. Gardner*, 986 F.2d 1521

19   (9th Cir. 1993), a leading Ninth Circuit Eighth Amendment case involving prisoner searches, did

20   not clearly establish a right against visual cavity searches or prison staff "gawking" at prisoners.

21   *Somers*, 109 F.3d at 624. In *Jordan*, male officers were directed to engage in random, non-

22   emergency, suspicionless searches of female inmates, including "[p]ush[ing] inward and upward

23   when searching the crotch and upper thighs of inmates, "squeeze[ing[ and knead[ing]" the crotch

24

1    and thighs, flattening inmates' breasts during the search. *Id*. Thus, the Ninth Circuit held that

2    *Jordan* was distinguishable because the allegations in *Jordan* were more egregious than the

3    allegations in *Somers*, and so *Jordan* did not place the officials in *Somers* on notice that their

4    actions could be unlawful. *Id*. at 624.  Similarly, the facts in the present case do not rise to level

5    of egregiousness in either *Somers* or *Jordan*. Therefore, qualified immunity applies.

6         The Ninth Circuit applied *Somers* in a case very similar to the present case in *Watison v.*

7    *Carter*, 668 F.3d 1108 (9th Cir. 2012) when affirming a dismissal pursuant to 28 U.S.C. §

8    1915A. There, the Ninth Circuit examined a situation where a prisoner's allegations stated that

9    an officer entered a prisoner's cell when the prisoner was on the toilet, searched the cell, refused

10   requests to leave, brushed his thigh against the prisoner's thigh, smiled sexually at the prisoner,

11   and left the cell laughing. *Id*. at 1112. In applying *Somers*, that court found the prisoner had

12   failed to state a claim because the "humiliation" he suffered did not rise to the level of "severe

13   psychological pain required to state an Eighth Amendment claim." *Id*. at 1113. In so finding, the

14   Ninth Circuit held that if the facts in *Somers* were not sufficient to constitute an Eighth

15   Amendment violation, then certainly the officials in the *Watison* case could not be found to

16   violate any clearly established Eight Amendment standard. *Id*. The Ninth Circuit also reiterated

17   that *Jordan* did not clearly establish that the alleged conduct violated the prisoner's rights, and

18   thus affirmed the district court on the merits. *Id*.

19        The Court finds similar circumstances here. Plaintiff has alleged that he was subjected to

20   a search on March 19, 2018. Dkt. 5. He states that defendant Bylsma ripped open the door to

21   plaintiff's stall while he was sitting on the toilet. *Id*. at p. 5. He was allegedly ordered to stand for

22   a search "with force." *Id*. at pp. 5-6. Defendant Bylsma ordered plaintiff not to flush, and

23   "snapped" at plaintiff when plaintiff attempted to retrieve toilet paper and when he bent down to

24

1    pull his pants and underwear back on. *Id*. As plaintiff stood with his pants still on the ground and

2    his "arms out and palms up," defendant Bylsma allegedly "walked behind [him] and pat searched

3    [him] aggressively on the top part of [his] body." *Id*. at p. 6. "He then went and started to feel

4    around [plaintiff's] pants and check[ed] [his] pockets." *Id*. When defendant Bylsma found

5    nothing, "he then said [plaintiff] was dismissed and could go back to doing what [he] was

6    doing." *Id*. Plaintiff characterizes this interaction as "sexual misconduct," but he has not

7    provided any allegation that defendant Bylsma touched him sexually or made any sexual

8    comments to plaintiff. *Id*. Further, plaintiff does not allege the pat search itself was an unlawful

9    touching, but rather appears to challenge the alleged immodesty of being required to stand

10   without pants. *Id*. Though he does not state so explicitly in his complaint, it appears that

11   plaintiff's alleged injury was the humiliation from the allegedly immodest search. *Id*. at p. 8.

12        However, as in *Somers*, plaintiff has included no allegations that defendant Bylsma acted

13   with improper subjective intent. *See Somers*, 109 F.3d at 623. Taking plaintiff's allegations as

14   true, plaintiff was interrupted while he was going to the bathroom. Defendant Bylsma

15   aggressively ordered plaintiff to stand for a search and did not allow plaintiff to pull his pants up

16   before defendant Bylsma did a pat search of plaintiff's (presumably clothed) upper body.

17   Defendant Bylsma then searched plaintiff's pockets, finding nothing, and dismissed plaintiff to

18   finish what he was doing. Plaintiff has included nothing more to suggest that the search was not

19   in furtherance of a penological interest. *See Somers*, 109 F.3d at 622 (finding a prisoner failed to

20   sufficiently allege subjective intent when he failed to allege defendants' "searches occurred

21   without any penological justification" and when "[h]e d[id] not allege that any of the Officials

22   intended to humiliate him"). Thus, plaintiff has failed to allege defendant Bylsma acted in

23

24

1  violation of plaintiff's clearly established Eight Amendment rights as to subjective intent. *See id.*

2  at 624.

3         Further, plaintiff has failed to demonstrate that the alleged objective harm he experienced

4  was in violation of clearly established federal law. In contrast, the Ninth Circuit has found

5  dismissal for failure to state a claim appropriate in at least two cases involving allegedly

6  unlawful searches that caused humiliation. *See Somers*, 109 F.3d at 616; *Watison*, 668 F.3d at

7  1112; *see also Easley v. Pinnell*, 182 F.3d 924, 1999 WL 311390, at *1 (9th Cir. 1999)

8  (affirming dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and finding humiliation caused by

9  visual anal cavity search of male prisoner within view of female officer did not amount to cruel

10 and unusual punishment) (citing *Somers*, 109 F.3d at 623); *Alverto v. Dep't of Corr.*, 2012 WL

11 6025617, at *21 (W.D. Wash. Nov. 15, 2012) (granting summary judgment and stating, without

12 analyzing plaintiff's evidence, that plaintiff's allegations did not state an Eighth Amendment

13 claim because he only alleged that an officer made sexual comments and stared at him

14 "lustfully," and another officer failed to investigate). Further, other courts have come to different

15 conclusions regarding the level of "seriousness" to which an Eighth Amendment allegation must

16 rise in order to state a claim. *See, e.g.*, *Solan v. Ranck*, 326 Fed. App'x 97, 100 (3d Cir. 2009)

17 (affirming a grant of qualified immunity on summary judgment and noting that courts disagree

18 on the question of whether psychological harm from the humiliation being seen naked constitutes

19 an Eighth Amendment violation) (citing *Somers*, 109 F.3d at 622-23); *George v. City of New*

20 *York*, 2013 WL 5943206, at *9-*10 (S.D.N.Y. Nov. 6, 2013) (granting motion to dismiss

21 pursuant to Fed. R. Civ. P. 12(b)(6) because allegation that prisoner was forced to strip naked

22 and squat in the mess hall in front of other prisoners and officers was not sufficiently serious to

23 constitute an Eighth Amendment violation under Second Circuit law).

24

1    In addition, "verbal harassment generally does not violate the Eighth Amendment."

2    *Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (citing *Oltarzewski v. Ruggiero*, 830 F.2d

3    136, 139 (9th Cir. 1987)). Even disparaging comments about a plaintiff's racial or ethnic

4    background generally will not rise to the level of a constitutional violation. *See*, *e.g.*, *Zavala v.*

5    *Barnik*, 545 F. Supp. 2d 1051, 1058-59 (C.D. Cal. 2008). As noted by the court in *Somers*, "the

6    exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this

7    nation's prisons" of which the Ninth Circuit "do[es] not approve," but which does not violate the

8    Eighth Amendment without more. 109 F.3d at 622 (internal quotation marks omitted).

9    Plaintiff cites to several out of circuit cases to support his assertion that the humiliation

10   he experienced was a violation of the Eighth Amendment under clearly established federal law.

11   *See* Dkt. 21. However, those cases and the humiliation described in them are far more egregious

12   than the one-time pat down of plaintiff's upper body while he was not wearing pants. First,

13   plaintiff cites *Ross v. Gossett*, 2016 WL 335991 (S.D. Ill. Jane. 28, 2016), a case he describes as

14   showing searches conducted for the purpose of humiliation constitute Eighth Amendment

15   violations. Dkt. 19, p. 7. However, that case dealt with prison guards who would spontaneously

16   ambush entire units, making whooping noises while beating the walls with their batons,

17   commanding prisoners to get "asshole naked," forcing the prisoners to turn around and spread

18   their buttocks in front of the rest of the officers, some of whom were female, and finally forcing

19   them to lift their genitals with their hands and then spread their mouths open with the same hands

20   without being allowed to wash. *Ross*, 2016 WL 335991, at *1-*2. Thus, the misconduct in that

21   case is significantly more egregious than plaintiff's allegations, and the Court finds that it is

22   distinguishable.

23

24

1    Plaintiff also cites *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015), stating that in that

2    case "the plaintiff was searched with clothes on[,] [but] plaintiff's case is much worse [because]

3    plaintiff . . . was searched with clothes off and fecal matter still clinging to him." Dkt. 19, pp. 7-

4    8. However, the allegations in *Crawford* were not merely that a prisoner was searched with his

5    clothes on – they included allegations that an officer purposefully groped and fondled two

6    prisoners' genitals through their clothes during a search while making demeaning sexual

7    comments. 796 F.3d at 255. The Court finds the purposeful fondling of a prisoner's groin against

8    his will is objectively more egregious conduct than a non-sexual pat down search, even taking

9    into account plaintiff's state of undress.

10    Finally, plaintiff cites *Merriweather v. Cissenero*, 2017 WL 476951 (N.D. Ind. Feb. 6,

11    2017), stating it supports his contention that intent to humiliate a prisoner can constitute a

12    violation of the Eighth Amendment. Dkt. 19, p. 8. However, that case involved allegations of a

13    prison guard raping a prisoner, not allegations of an improper search. *Merriweather*, 2017 WL

14    476951, at *1. Again, the court finds this case distinguishable from plaintiff's allegations.

15    The Court does not condone conduct that humiliates a prisoner.  And the Court

16    recognizes that the search in this case, as alleged, would have been humiliating and

17    uncomfortable, but the Court has found no clearly established law, either in the Ninth Circuit or

18    in the Supreme Court, indicating that the alleged conduct clearly violates the prisoner's Eighth

19    Amendment rights. Thus, qualified immunity applies to the defendants' conduct.

20    Therefore, the Court recommends that defendant's motion to dismiss (Dkt. 15) be granted

21    and that plaintiff's claims against defendant Bylsma be dismissed.

22    **II.    Personal Participation as to Defendant Oliver-Estes**

23

24

1    Plaintiff also alleges defendant Oliver-Estes violated plaintiff's constitutional rights

2    because she failed to remove defendant Bylsma from plaintiff's unit during a PREA

3    investigation. To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a

4    defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v.*

5    *Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another

6    to a deprivation of a constitutional right when committing an affirmative act, participating in

7    another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*,

8    588 F.2d 740, 743 (9th Cir. 1978).

9    Here, plaintiff alleges defendant Oliver-Estes knew that defendant Bylsma "had multiple

10    PREA accusations filed on him for similar incidences," but she did not take him off duty. Dkt. 5,

11    p. 7. He states "[i]f [defendant] Oliver-Estes would have taken proper action and at least

12    removed [defendant Bylsma] from the unit while his other PREA investigations were going on,"

13    the allegedly unconstitutional search of plaintiff would not have happened. *Id*. He also states

14    defendant Oliver-Estes "is legally responsible for the operation of Larch Corrections Center

15    . . . ." *Id*. at p. 3. However, plaintiff has provided no other allegations as to defendant Oliver-

16    Estes's actions. Thus, plaintiff's claims against defendant Oliver-Estes rest solely on plaintiff's

17    argument that defendant Oliver-Estes should have provided better supervision over her

18    subordinate.

19    Even if plaintiff had shown he was subjected to a constitutional violation, he has not

20    shown how defendant Oliver-Estes was personally involved in defendant Bylsma's alleged

21    unconstitutional search. Plaintiff has not alleged defendant Bylsma's search of plaintiff's person

22    constituted sexual harassment or other sexual misconduct. Thus, even if defendant Bylsma had

23    other, non-related PREA allegations against him, plaintiff has not shown how defendant Oliver-

24

REPORT AND RECOMMENDATION - 12

1    Estes's knowledge of those PREA allegations has bearing on defendant Bylsma's alleged

2    conduct here. Further, plaintiff does not allege that plaintiff informed defendant Oliver-Estes of

3    the alleged conduct and she failed to act. Thus, plaintiff has not shown that defendant Oliver-

4    Estes affirmatively acted to deprive plaintiff of any constitutional protections or that she failed to

5    act in violation of the Constitution. Therefore, the Court recommends plaintiff's claims against

6    defendant Oliver-Estes be dismissed.

7         **III.    Claims Pursuant to the PREA**

8              Read liberally, plaintiff also attempts to raise claims, based on the above noted conduct,

9    directly under the PREA. Neither the Ninth Circuit nor the Supreme Court have ruled on whether

10   a private cause of action may be brought pursuant to the PREA. However, as noted by the

11   District of Hawaii, "although this court has not discovered any appellate decision addressing this

12   issue, district courts nationwide have found that the PREA does not create a private cause of

13   action that can be brought by an individual plaintiff." *Hatcher v. Harrington*, 2015 WL 474313,

14   at *5 (D. Haw. Feb. 5, 2015) (collecting cases). Subsequent district court cases support the

15   conclusion that prisoners have no private cause of action pursuant to the PREA. *See Denton v.*

16   *Pastor*, 2017 WL 5068329, at *1 (W.D. Wash. Nov. 2, 2017); *Reed v. Racklin*, 2017 WL

17   2535388, at *2 (E.D. Cal. June 12, 2017); *Gonzalez v. Chriese*, 2016 WL 3231284, at *4 (N.D.

18   Cal. June 13, 2016); *Grindling v. Diana*, 2016 WL 6080825, at *3-*4 (D. Haw. Sept. 12, 2016).

19   Although not binding precedent, these cases are persuasive on the issue. Thus, the Court

20   concludes that the PREA does not provide a private cause of action in itself. Therefore, the Court

21   recommends that plaintiff's claims arising directly under the PREA be dismissed.

22                                  **CONCLUSION**

23

24

REPORT AND RECOMMENDATION - 13

1    For the reasons set forth above, the Court recommends that defendants' motion to dismiss

2    (Dkt. 15) be granted and that plaintiff's action be dismissed with prejudice.

3    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

5    6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*

6    review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver

7    of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

8    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

9    imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 9,**

10   **2018** as noted in the caption.

11   Dated this 25th day of October, 2018.

12

13

14   _____

15   J. Richard Creatura
     United States Magistrate Judge

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 14